UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA WALLS,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No. 17-cv-02199-HSG<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER, ORDERING DEFENDANT TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE, DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS, AND DIRECTING PLAINTIFF TO EFFECT SERVICE OF PROCESS**<br><br>Re: Dkt. No. 5 |

Pending before the Court is Plaintiff Brenda Walls' Ex-Parte Application for Temporary Restraining Order and/or Preliminary Injunction. Dkt. No. 5. Plaintiff seeks injunctive relief preventing the foreclosure sale of her home, as well as attorney's fees and costs. *Id.* Having carefully considered Plaintiff's arguments, the Court **GRANTS** Plaintiff's application for a temporary restraining order, **ORDERS** Defendant to show cause why a preliminary injunction should not issue, and **DENIES** Plaintiff's request for attorney's fees and costs.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff alleges the following facts:

- On January 24, 2007, Plaintiff purchased the subject property, located at 4201 Apollo Circle, Union City, CA 94587 ("Property"), with a loan from World Savings Bank, FSN. Dkt. No. 5-2 ("Pl.'s Decl.") ¶ 4.

- In 2008, World Savings Bank, FSB, changed its name to Wachovia Bank, and was subsequently acquired by Defendant Wells Fargo Bank, N.A. in November of 2009. Dkt. No. 1 ("Compl.") ¶ 8.

- In late 2012 or early 2013, Plaintiff fell behind on her mortgage payments and defaulted on her loan. Pl.'s Decl. ¶ 4. A notice of default was then filed on February 24, 2014. Compl. Ex. 2.
- At some time after her default, Plaintiff contacted Defendant to discuss a refinance or loan modification. Pl.'s Decl. ¶ 5. Defendant suggested that Plaintiff apply for a Home Affordable Modification Program ("HAMP") loan modification. *See id.* However, Plaintiff was subsequently denied the loan modification due to low income. *Id.*
- On January 10, 2017, Plaintiff submitted a new application for loan modification, as her financial situation had improved. *Id.* ¶¶ 6, 7. Specifically, her monthly income had increased from approximately $1,350 to approximately $5,100. *Id.* ¶ 8.[1]
- However, on February 3, 2017, Defendant denied Plaintiff's application. *Id.* Defendant explained to Plaintiff that the monthly income used to assess the application was the previous $1,350 instead of Plaintiff's current income of $5,100. *Id.* Plaintiff then informed Defendant's assigned Single Point of Contact ("SPOC") of the error, and Defendant instructed Plaintiff to resubmit the application in another month with additional bank statements to show the consistency of the new income. *Id.*
- On March 31, 2017, Plaintiff submitted a new application with another month of bank statements reflecting her current average monthly income of $5,100. *Id.* ¶ 9. However, her application was denied on or about April 18, 2017. *Id.* ¶ 10. Defendant explained that there had not been a material change in Plaintiff's circumstances since the February 2017 denial. *Id.* In response to Plaintiff's questions, Defendant's SPOC confirmed that Defendant again used the $1,350 monthly income in assessing Plaintiff's application. *Id.* Defendant's SPOC informed Plaintiff that there was nothing that he could do, and that the trustee's sale date was "active" for April 25,

---

[1] Plaintiff's complaint includes somewhat different figures, stating that her monthly income rose from approximately $2,000 to $5,000. *See* Compl. ¶ 12. For purposes of deciding the issues presented, this difference is not material.

2

2017. *Id.*; *see also* Dkt. No. 5, Ex. 1 (PropertyRadar profile stating that foreclosure sale will occur at noon on April 25, 2017).[2]

On April 19, 2017, Plaintiff filed the complaint. On April 21, 2017, Plaintiff filed the pending application for a temporary restraining order ("TRO") or permanent injunction ("PI"). In addition, Plaintiff's counsel filed a declaration stating that he had given notice of the filing of the complaint to Defendant. Dkt. No. 5-3. On April 24, 2017, the case was reassigned to the undersigned. Dkt. No. 8. The Court set a hearing for 9:00am on April 25, 2017, and ordered that any written opposition by Defendant be filed by 9:00pm on April 24, 2017. Dkt. No. 9. Given that Defendant has yet to appear in this suit, the Court ordered Plaintiff to serve the notice of the hearing on Defendant immediately by facsimile and to notify Defendant immediately by phone. *See id.* On April 24, 2017, Plaintiff's counsel filed a declaration stating that he had provided such notice to Defendant (specifically, to one of Plaintiff's Single Points of Contact, as well as to a member of the team assigned to Plaintiff's loan due to the pending foreclosure). Dkt. No. 10. Defendant did not file any written opposition. Plaintiff and her counsel appeared at the hearing, but Defendant did not appear. At the hearing, Plaintiff's counsel acknowledged that while he gave notice to Defendant regarding the filing of Plaintiff's complaint and application for injunctive relief, and reached out to the Pasadena, California, office of a law firm that he said had represented Defendant in the past (Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP), he did not actually serve the complaint or the application for injunctive relief on Defendant prior to the hearing.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. A preliminary injunction enjoins conduct pending a trial on the merits. *See* Fed. R. Civ. P. 65(a). A temporary restraining order enjoins conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order is the same as for a preliminary injunction. *Gonzalez v. Wells Fargo Bank*, No. 5:12-cv-03842, 2012

---

[2] Plaintiff's counsel represented at the TRO hearing that the sale is scheduled for 1:00pm, as opposed to 12:00pm.

3

1  WL 3627820, at *1 (N.D. Cal. Aug. 21, 2012).

2  A plaintiff seeking preliminary relief "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Provided that the movant has made such a showing, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Plaintiff asserts that she is likely to succeed on the merits of her claims, including her claim under Cal. Civ. Code § 2923.6. *See* Dkt. No. 5 ¶ 20-23.

Several statutory provisions are relevant to this claim. As a threshold matter, "first lien" is defined as "the most senior mortgage or deed of trust on the property that is the subject of the notice of default or notice of sale." Cal. Civ. Code § 2920.5(d). Moreover, section 2923.6(c) states in part:

> A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall *not* record a notice of default or notice of sale or *conduct a trustee's sale until any of the following occurs:* (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, *and any appeal period pursuant to subdivision (d) has expired.* (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer. (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c) (emphasis added).

Subsection (d) declares as follows:
> If the borrower's application for a first lien loan modification is denied, *the borrower shall have at least 30 days from the date of the*

4

*written denial to appeal the denial* and to provide evidence that the mortgage servicer's determination was in error.

*Id.* § 2923.6(d) (emphasis added).

Moreover, subsection (e) states as follows:
> If the borrower's application for a first lien loan modification is denied, the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or, if a notice of default has already been recorded, record a notice of sale or conduct a trustee's sale until the later of: (1) *Thirty-one days after the borrower is notified in writing of the denial.* . . .

*Id.* § 2923.6(e) (emphasis added).

Lastly, section 2924.12(a) states, "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section . . . 2923.6 . . . ."

Tying these provisions together, Defendant allegedly notified Plaintiff that her most recent loan modification application had been denied on April 18, 2017. Assuming that the notification was in writing, triggering the appeal clock under section 2923.6, the first permissible date for a trustee sale of the property would still be May 19, 2017—several weeks after the planned foreclosure sale on April 25, 2017. Defendant's conduct, as alleged, appears to have violated the statute. Moreover, Plaintiff contends that the foreclosure sale is yet to occur, and seeks injunctive relief, which is contemplated by section 2924.12(a). For these reasons, Plaintiff is likely to succeed on the merits of her claim under section 2923.6.

### B. Irreparable Harm

"Courts have repeatedly concluded that the loss of one's home is sufficient to satisfy the element of irreparable injury." *Castellanos v. Countrywide Bank NA*, No. 15-CV-00896-BLF, 2015 WL 914436, at *2 (N.D. Cal. Feb. 27, 2015) (citing cases). Plaintiff states in her declaration that she purchased the Property in 2007, and that she and her family have resided there ever since. Pl.'s Decl. ¶¶ 3-4. Given that if the foreclosure sale proceeds Plaintiff will lose her home, the Court finds that irreparable harm likely will occur absent an injunction.

### C. Balance of Equities

Various courts have found that the balance of equities tips sharply in the plaintiff's favor when a plaintiff seeks to enjoin the defendant from carrying out the foreclosure sale of her

property. *See Castellanos*, 2015 WL 914436, at *2; *Vazquez v. Select Portfolio Servicing,* No. 13-CV-03789-JST, 2013 WL 5401888, at *2 (N.D. Cal. Sept. 26, 2013), *order dissolved on other grounds*, No. 13-CV-03789-JST, 2013 WL 5770995 (N.D. Cal. Oct. 23, 2013); *Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899 EMC, 2011 WL 2654093, at *5 (N.D. Cal. July 6, 2011). For example, in *Castellanos*, the Court found it difficult to imagine that the defendants would suffer serious hardship upon issuance of a TRO, given that they would still retain any valid security that they had in the property. *See* 2015 WL 914436, at 2. On the other hand, the plaintiff would lose her property if the foreclosure sale went through. *Id*. The court found that such a balance of the equities strongly favored the homeowner. *See id.* On the facts alleged here, the Court finds that the balance of equities at least tips in Plaintiff's favor, and this is all that is required for injunctive relief to issue, given that Plaintiff is likely to succeed on the merits of the relevant claim regarding the timing of the sale. *See Winter*, 555 U.S. at 20.

### D. Public Interest

"It is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes." *Castellanos*, 2015 WL 914436, at *2 (quoting *Sencion v. Saxon Mortg. Servs., LLC*, No. 5:10-CV-3108 JF, 2011 WL 1364007, at *3 (N.D. Cal. Apr. 11, 2011)); *see also Tamburri*, 2011 WL 2654093, at *5 (same). Given that Plaintiff appears to have raised a valid claim under section 2923.6 of the California Civil Code regarding the timing of the sale, the injunction is in the public interest.

### E. Conclusion

The Court finds that Plaintiff has established that (1) she is likely to succeed on the merits of her section 2923.6 claim regarding the timing of the sale, (2) she is likely to suffer irreparable harm in the absence of injunctive relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. Accordingly, Plaintiff has met the showing required for the extraordinary remedy of preliminary relief. *See id*.

## IV. BOND

Under Rule 65(c), "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages

sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, district courts have considerable discretion in determining whether the posting of a bond is necessary:

> Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*. In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.

*Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks, brackets, and citations omitted) (emphasis in original). Courts issuing an order to show cause for why a preliminary injunction should not issue and holding a hearing on that matter shortly thereafter have found that the posting of a bond is not required. *See Sencion*, 2011 WL 1364007, at *3 (no posting of bond required where order to show cause hearing would be held within ten days). The rationale applies here. The Court finds that there is no realistic likelihood of harm to Defendant from enjoining its conduct, such that no bond is required.

## V. ATTORNEY'S FEES

Plaintiff seeks fees and costs associated with filing its request for injunctive relief. Dkt. No. 5 at 13. Plaintiff's filing contains no figure as to amount of the alleged fees or costs, nor any information whatsoever regarding the amount of time expended by her counsel or his hourly rate. The extent of Plaintiff's argument is a single footnote citing section 2924.12 of the California Civil Code. *Id.* n.13. Subsection (i) states, "A court *may* award a prevailing borrower reasonable attorney's fees and costs in an action brought pursuant to this section. A borrower shall be deemed to have prevailed for purposes of this subdivision if the borrower obtained injunctive relief . . . pursuant to this section." Cal. Civ. Code § 2924.12 (emphasis added). The Court declines to exercise its discretion to award fees and costs.

## VI. CONCLUSION

The Court hereby **GRANTS** Plaintiff's application for a TRO. The Court enjoins Defendant; Defendants' agents, attorneys, and representatives; and all persons acting in concert with Defendant or on Defendant's behalf, from selling, attempting to sell, or causing to be sold the Property, either under the power of sale in the deed of trust or by foreclosure action. The Court

7

**ORDERS** Defendant to show cause, if any, why a preliminary injunction with the same terms shall not issue. Defendant must file its response on or before May 2, 2017; Plaintiff may file a reply on or before May 6, 2017; and a hearing shall be held at 2:00pm on May 11, 2017. The Court finds that good cause exists under Federal Rule of Civil Procedure 65(b)(2) to extend the expiration of this order until the conclusion of the hearing on the preliminary injunction. In addition, the Court **DENIES** Plaintiff's request for attorney fees. Lastly, the Court **DIRECTS** Plaintiff to serve the complaint, her application for injunctive relief, and this order on Defendant on April 25, 2017, and file a confirmatory proof of service by April 26, 2017.

**IT IS SO ORDERED.**

Dated: April 25, 2017

*Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge